**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:**

TANTI HUTAPEA, FERDENAND
DELOS SANTOS, and all others similarly
situated pursuant to 29 U.S.C. §216(b),

        Plaintiff,

vs.

IRON SUSHI LLC, a Florida limited
liability company, and MASAMITSU OCHI,
an individual,

        Defendants,
_____/

# **COMPLAINT**

Plaintiffs, TANTI HUTAPEA and FERDENAND DELOS SANTOS ("Plaintiff"), on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. §216(b), file the following Complaint against Defendants, IRON SUSHI LLC, and MASAMITSU OCHI ("Defendants"), and allege as follows:

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§201-216 (the "FLSA").

2. At all times material hereto, Plaintiffs were and are residents of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. At all times material hereto, Defendant, IRON SUSHI, LLC, was and is a Florida corporation located within Miami-Dade County, Florida, and transacting business within Miami-Dade County, Florida, which is located within this District.

4. At all times material hereto, Defendant, MASAMITSU OCHI ("OCHI"), was and is a resident of this District, operating the Defendant company, IRON SUSHI, within Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris.*

5. At all times material hereto, IRON SUSHI was the FLSA employer during Plaintiffs' relevant period of employment.

6. OCHI is the corporate officer and/or owner and/or manager or managing member of the Defendant company and runs and has ultimate control and decision making authority over IRON SUSHI for the relevant time period, and was responsible for setting and paying Plaintiffs' wages for the relevant time period, and had ultimate control and authority over Plaintiffs' work and work schedule, and was therefore Plaintiffs' employer as defined by 29 U.S.C. §203(d) during the relevant employment period.

7. Defendants' business activities involve those to which the FLSA applies. The Defendants' business, and Plaintiffs' work for the Defendants, affected interstate commerce because the materials and goods used on a constant and/or continuous basis moved through interstate commerce prior to Plaintiffs' use of the same. Plaintiffs' work for the Defendants was in, and/or so closely related to, interstate commerce while they worked for the Defendants that the FLSA clearly applies to Plaintiffs work for the Defendants in this case.

8. Defendants regularly employed two or more employees during the relevant time period who handled goods or materials similar to those handled by Plaintiffs or used the instrumentalities of interstate commerce or the mails, thus making Defendants' business an enterprise covered by the FLSA.

9. Upon information and belief, the Defendant corporation grossed or did business in excess of $500,000.00 annually during the relevant time period.

10. Plaintiffs and all similarly situated individuals worked in the various sushi restaurant locations owned and operated by the Defendants. Plaintiffs and all similarly situated individuals were tasked with all manner of labor, including dealing with customers, preparing food, and cleaning the restaurants, restrooms, and kitchen.

11. Plaintiffs were regularly threatened and verbally abused, including threats related to their employment status, to taxes, or in other ways meant to keep Plaintiffs "in line" when complaints were made to the defendants about the improper pay practices outlined below.

12. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, and IRON SUSHI is headquartered and doing business in Miami-Dade County, Florida.

13. Jurisdiction is proper within the Southern District of Florida pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §§1331 and 1337.

14. Venue is proper within this District pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1391(b).

**COUNT I**
**FEDERAL OVERTIME WAGE LAW VIOLATIONS**

15. Plaintiff re-avers and re-alleges Paragraphs 1 through 14 above, as though fully set forth herein.

16. This case is brought as a collective action pursuant to 29 U.S.C. §216(b) inasmuch as, upon information and belief, Defendants have employed numerous other employees, similarly situated to the Plaintiffs, who have not been paid overtime for work performed in excess of 40 hours during the time period commencing three years prior to the filing of this Complaint through the date on which this Complaint was filed.

17. 29 U.S.C. §207(a)(1) states, *inter alia,* that "if an employer employs an employee for more than 40 hours in any work week, the employer must compensate the employee for hours in excess of 40 at the rate of at least one and one and half times the employee's regular rate..."

18. **Plaintiff Tanti Hutapea** ("Tanti"): Tanti worked for Defendants from August 2017 to October 2019, and again from December 2019 through December 2020.

19. Tanti worked at the Iron Sushi located in downtown Miami, at 120 SE 3rd Ave., in Miami, Florida. At all material times, Tanti was responsible for all tasks at the restaurant, including dealing with customers, assisting with food preparation, cleaning tables, restrooms, and the kitchen, and all other such tasks.

20. Tanti worked between 60 and 70 hours per week, every week, without breaks.

21. In 2017, she was paid $11/hour, starting in 2018, she was paid $12/hour, and from December 2019 through December 2020, she was paid $14/hour. She was not paid time and a half for any overtime hours.

22. **Plaintiff Ferdenand Delos Santos ("Ferdenand"):** Ferdenand worked for the Defendants from 2014 through December 2020.

23. Ferdenand worked at the Iron Sushi located in Dadeland, at 9030 SW 72nd Pl., in Miami, Florida, and sometime would work at the downtown Miami location on Friday.

24. Ferdenand was responsible for all tasks at the restaurant, including dealing with customers, assisting with food preparation, cleaning tables, restrooms, and the kitchen, and all other such tasks.

25. Ferdenand worked between 60 and 70 hours per week, every week, without breaks.

26. Through May 2020, Ferdenand was paid $12/hour. From May through December 2020, he was paid $13/hour. He was not paid time and a half for any overtime hours.

27. Defendants' failure, through today's date, to pay amounts owed pursuant to the Fair Labor Standards Act, is willful and intentional. Defendants knew of the overtime requirements of the Act and either intentionally avoided or recklessly failed to investigate proper payroll practices as they relate to the law. Accordingly, Plaintiffs are entitled, and specifically request, liquidated damages in an amount equal to double the unpaid time and a half that is due and owing.

28. Further, upon information and belief, Defendants have employed other individuals during the subject time period, and each of these individuals was not paid a full and proper overtime wage as required by Federal law, and Plaintiff reserves the right to add additional persons to this action plaintiffs, and to move this Court for certification of a collective action.

WHEREFORE, Plaintiffs, TANTI HUTAPEA and FERDENAND DELOS SANTOS, respectfully request certification of a collective action of all current and former employees of Defendants, IRON SUSHI LLC and MASAMITSU OCHI, and an award to Plaintiffs and the collective of at least double all unpaid overtime wages as provided by the Fair Labor Standards Act, as well as all reasonable attorney's fees and litigation costs from the Defendants, IRON SUSHI LLC and MASAMITSU OCHI, jointly and severally, pursuant to the Fair Labor Standards Act, and judgment for all such other amounts as this Court may deem and equitable under the circumstances.

## COUNT II
## CONVERSION

29. Plaintiff re-avers and re-alleges Paragraphs 1 through 14 above, as though fully set forth herein.

5

30. Through the term of Plaintiffs' employment, Defendants would keep and retain all tips received (whether in cash or by credit card) for themselves. This was a complete retention by restaurant ownership of tips earned by employees, without any accounting made therefor.

31. Occasionally and on their own timetable, Defendants would remit amounts to Plaintiffs claiming that those amounts – which were clearly well short of amounts left as tips – were the share of tips to which Plaintiffs were entitled.

32. Plaintiffs know of no tip pooling agreement (whether valid or invalid). When asked where the rest of the money left as tips went, Plaintiffs were always told that it was needed "to pay taxes."

33. Defendants have thus asserted dominion and control over Plaintiffs' property (tip funds), inconsistent with Plaintiffs' ownership therein, and have taken and converted those tip funds for their own purposes, improperly.

WHEREFORE, Plaintiffs, TANTI HUTAPEA and FERDENAND DELOS SANTOS, respectfully request an award in their favor, and against Defendants, IRON SUSHI LLC and MASAMITSU OCHI, in an amount equal to all tips improperly withheld, as well as reasonable attorney's fees and litigation costs, and all such other amounts as this Court may deem and equitable under the circumstances.

## **JURY TRIAL DEMAND**

Plaintiff hereby requests and demands a trial by jury on all such claims.

**DATED** this **13th** day of **January,** 2021.

          Respectfully Submitted,

          **Law Offices of Nolan Klein, P.A.**
          *Attorneys for Plaintiff*
          633 S. Andrews Ave., Ste. 500
          Fort Lauderdale, FL 33301
          PH:    (954) 745-0588

          By: */s/ Nolan K. Klein*
              NOLAN K. KLEIN
              Florida Bar No. 647977
              klein@nklegal.com
              amy@nklegal.com